IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID THORSTED,<br><br>                              *Plaintiff,*<br><br>           v.<br><br>CHASE HOME MORTGAGE<br>A/K/A JPMORGAN CHASE BANK, N.A.,<br><br>                              *Defendant.* | CIVIL NO. 3:16-CV-00025<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to dismiss. Dkt. 3. Plaintiff David Thorsted filed this action against JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), referred to as Chase Home Mortgage in his complaint, for allegedly violating Virginia law by failing to provide proper notice of the foreclosure sale of his home. Additionally, Thorsted has alleged that Chase has violated the "automatic stay" imposed by 11 U.S.C. § 362. Because Thorsted has failed to allege facts sufficient to sustain causes of action for improper notice, actual fraud, inadequacy of price at the foreclosure sale, and violation of a stay, I will grant Chase's motion to dismiss.[1]

---

[1] Plaintiff failed to respond to this motion before the May 2, 2016 deadline. *See* Dkts. 11 &12. However, the motion can properly be disposed through the inadequacy of the complaint without any response from Plaintiff. *See e.g.,* infra footnote 3.

## I. FACTS AS ALLEGED[2]

The Plaintiff, David Thorsted, was a homeowner in Rhoadesville, Virginia and, according to public record, secured his home on 27539 Constitution Highway with a mortgage totaling $374,400. *See* Dkt. 4; Exhibit A. In June 2012, Thorsted submitted a loan modification application regarding his mortgage. Compl. at 1, ¶ 3. In September 2012, Thorsted contacted Chase inquiring into the status of both his loan modification application and the possible foreclosure of his home. Compl. at 2, ¶¶ 4-6.

Believing that the loan modification application was under review, Thorsted contacted Chase to ensure that while the application was processing his house would not be foreclosed upon. *Id*. According to Thorsted, he was informed by Chase that the foreclosure would be "continued," and that he should call again the next morning to confirm. Compl. at 2, ¶¶ 4-5. The next morning, however, Thorsted was informed by Chase that the foreclosure would proceed notwithstanding the loan modification application. Compl. at 2, ¶ 6. With this new information, Thorsted then filed for bankruptcy protection at 11:04 AM on September 25, 2012. Compl. at 2, ¶ 7. Thorsted's filing was nearly an hour after the home had been sold by Chase in foreclosure proceedings. *See* Compl. at 2, ¶ 7-8. Thorsted alleges, and Chase's records confirm, that the sale was consummated at 10:08 AM on September 25, 2012. *See* Compl. at 2, ¶ 8; Dkt. 4, Exhibit B at 2.

## II. STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708

---

[2] The following facts are taken from the Complaint and partly from documents provided by Chase referenced in the Complaint. When ruling on 12(b)(6) motions, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

**III. Analysis**

*A. Wrongful Foreclosure*

Virginia law is unsettled as to whether a cause of action for "wrongful foreclosure" exists. This Court in the past has skeptically questioned the cause of action. *See Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00062, 2012 WL 204288, at *8 (W.D. Va. Jan. 24, 2012) ("[I]t is unclear whether Virginia even recognizes the tort of 'wrongful foreclosure.'"). Elsewhere courts have differed on whether the cause of action exists. *Compare Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure."); *with Mathews v. PHH Mortgage Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012) (recognizing that damages can be awarded for a foreclosure sale that has been improperly conducted or equitable relief can be granted before a sale occurs); *Mayo v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 485, 498 (E.D. Va. 2014), *aff'd*, 622 F. App'x 250 (4th Cir. 2015) ("Virginia precedents [allow] the setting aside of foreclosure sales in equity.").

Although the precedent leans in favor of recognizing a cause of action for wrongful foreclosure, we need not answer that question here because Thorsted has failed to establish that his foreclosure was wrongful.

### B. Proper Notice

The Code of Virginia states "[t]he inadvertent failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party." Va. Code Ann. § 55-59.1(A). The statute continues:

> When the written notice of proposed sale is given as provided herein, there shall be a rebuttable presumption that the lienholder has complied with any requirement to provide notice of default contained in a deed of trust. Failure to comply with the requirements of notice contained in this section shall not affect the validity of the sale, and a purchaser for value at such sale shall be under no duty to ascertain whether such notice was validly given.

Va. Code § 55-59.1(C).

Thorsted has failed to rebut the presumption that notice was improperly given. More importantly, Thorsted admits that Chase gave notice of the foreclosure sale the morning of the sale. *See* Compl. at 2, ¶ 6. Furthermore, to the extent Thorsted's action is based on accidental or inadvertent failure to give notice, he cannot proceed under Virginia law.

### C. Actual Fraud

Under Virginia law, actual fraud is defined as: "(1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) damages resulting from that reliance." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 826 (4th Cir. 1999) (citing *Van Deusen v. Snead,* 247 Va. 324, 441 S.E.2d 207, 209 (Va. 1994)). Each element of the cause of action must be demonstrated by clear and convincing evidence. *Id.* Moreover, "[a] fraud claim cannot be premised on unfulfilled promises or statements about future events." *Hazaimeh v. U.S. Bank Nat. Ass'n*, 94 F. Supp. 3d 741, 748

- 4 -

(E.D. Va. 2015).  Thorsted has failed to plead the elements of this claim in order to survive a motion to dismiss.[3]

Thorsted does not allege, with any specificity, that Chase intentionally and knowingly misrepresented a material fact. Moreover, Thorsted also fails to allege that Chase acted with the intent to mislead that plaintiff.  Thorsted only alleges that, generically, Chase acted illegally and deceptively. *See* Compl. at 2, ¶ 9.  These conclusory statements, which are not coupled with facts, are insufficient to state a claim for which relief could be granted.  Thus, Thorsted's claim for actual fraud will accordingly be dismissed.

*D. Inadequacy of the Sale Price*

Thorsted alleges that the judicial sale should be set aside because Chase sold the "property for approximately $150,000 below fair market value." Compl. at 2, ¶ 9.  A judicial sale "will not be set aside for mere inadequacy of price unless that inadequacy is so gross as to the shock the conscience, or unless there be additional circumstances against its fairness." *Schweitzer v. Stroh,* 30 S.E.2d 689, 692 (Va. 1944).  The burden to prove this inadequacy is on the party advancing that argument.  *Jones v. Jones*, 457 S.E.2d 365, 370 (Va. 1995).  "In the deed of trust foreclosure context, however, where, . . . '[t]here is no evidence that the trustee was guilty of any fraud,' and no 'suggestion that he showed any partiality toward or was in collusion with the purchaser,' even an inadequate price would not necessitate that the sale be set aside." *Squire v. Virginia Housing Dev. Auth.,* 758 S.E.2d 55, 61 (Va. 2014) (*quoting Cromer v. DeJarnette*, 51 S.E.2d 201, 204 (Va. 1949)).  Absent this showing, a sale will not be set aside for

---

[3] Because Thorsted has failed to plead even the basic elements of fraud under state law, repleading is unnecessary to allow for satisfaction of the heightened pleading standard required by Rule 9(b). *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). *See also* FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

an inadequate price. *Id.*

Once again, Thorsted has failed to plead sufficient facts to allege that partiality or fraud was committed in the foreclosure sale. The conclusory statements that the property was sold below fair market value are not sufficient to adequately plead that "the trustee was guilty of any fraud" or "shock the conscience." *Squire,* 758 S.E.2d at 61; *Schweitzer,* 30 S.E.2d at 692. Therefore, Thorsted's rescission claim will be dismissed.

### E. Violation of an Automatic Stay

Additionally, Thorsted claims that Chase violated the automatic stay imposed by 11 U.S.C. § 362. Thorsted alleges that "[Defendant] advised the [Plaintiff's] property was sold at 10:00 a.m. however, 10:00 a.m. was the time that the Auction commenced. [Defendant] has never provided any evidence or documentation of the exact time of sale."[4] Compl. at 2, ¶ 8. Thorsted further asserts that "[u]pon information and belief the sale in question was conducted in violation of 11 U.S.C. § 362 and must be vacated." *Id.*

In order to recover for injuries sustained from a violated stay, the plaintiff must prove "(1) that the defendant violated the stay imposed by § 362(a), (2) that the violation was willful*,* and (3) that the plaintiff was injured by the violation." *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) (emphasis omitted). Thorsted has failed to allege facts sufficient to sustain this claim.

It is clear from Thorsted's Complaint that Chase did not willfully violate any stay. Thorsted states that after finding out that the foreclosure would proceed as scheduled, he "rushed to [the] federal courthouse to seek bankruptcy protection by filing his Petition at 11:04 a.m. on

---

[4] In the Complaint, Thorsted incorrectly refers to himself as Chase and to the Chase as Thorsted. In order to avoid confusion, I have properly referred to each party in the quotations. *See generally* Compl.

September 25, 2012." Compl. at 2, ¶ 7.

In order to constitute a willful act, "the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *In re Tucker*, 526 B.R. 616, 621 (Bankr. W.D. Va. 2015) (citing *In re Cherry,* 247 B.R. 176, 188 (Bankr. E.D.Va.2000). Here, because the stay did not exist until after the home was sold, a willful violation of the stay by Chase would have been impossible.

In addition, the United States Court of Appeals for the Fourth Circuit has held that at least some notice, actual or otherwise, must be provided to Chase to create a willful violation. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473 (4th Cir. 2015) (holding there was no requirement that debtor provide substitute trustee with written notice of her bankruptcy petition to create a willful violation, otherwise provided actual notice was sufficient). The facts as alleged by Thorsted are not sufficient to demonstrate that a violation occurred, as Thorsted has failed to allege that Chase had notice—either actual or otherwise—that he had filed for bankruptcy prior to the sale. Thus, Thorsted's claim for violation of a stay will be dismissed.

### IV. Conclusion

For the aforementioned reasons, Defendant Chase's motion to dismiss will be granted. An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this  5th   day of May, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE